UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER ALLEN CAIN,<br><br>                Plaintiff,<br>     v.<br>DAN WHITE, ET. AL.,<br><br>                Defendants. | Case No. C18-5567-RJB-TLF<br><br>ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT |

This matter is before the Court on plaintiff's filing of a proposed civil rights complaint.[1] Plaintiff has been granted leave to proceed *in forma pauperis*. In light of the deficiencies in the complaint discussed herein, however, the undersigned will not direct service of the complaint at this time. Plaintiff, though, will be provided the opportunity by the date set forth below to show cause why the complaint should not be dismissed or to file an amended complaint.

Plaintiff identifies the following defendants in his complaint: Dan White, "Superintendent of Shelton Correctional Institution"[2], in his individual and official capacity, and the Washington Department of Corrections (DOC). Dkt. 1-1, at 4. Plaintiff alleges defendants held him past his early release date, thereby depriving him of a constitutionally protected liberty interest. *Id.*

---

[1] Dkt. 1-1.

[2] It appears to the Court that by "Shelton Correctional Institution", plaintiff may be referring to Washington Corrections Center located in Shelton Washington. To the extent that is the case, and plaintiff otherwise has a basis and intends to proceed with his claim against defendant White (or other proper defendants), plaintiff should properly identify the institution in his amended complaint.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

Specifically, plaintiff alleges he pled guilty to second degree assault on November 28, 2016, and was sentenced to 24 months. *Id.* Plaintiff contends he remained at Spokane County Jail after his sentence was imposed and was transferred to Shelton Correctional Center by DOC officers on October 5, 2017. *Id.* Plaintiff contends that within weeks after his transfer he notified the records department by sending an inmate request that his sentence was complete and that he was past his release date. *Id.* Plaintiff indicates that the records department informed him he had been sentenced to 24 months, that Spokane County Jail granted him 409 days jail time credit, and 204 days of goodtime credits. *Id.* However, plaintiff contends the records department told him that "the start time was April 5, 2016, and the end time was October 5, 2017" but also that his time "did not begin until [he] arrived to the facility." *Id.*

Plaintiff contends he informed a Sgt. Martin and Counselor Butler that he was being held past his release date. *Id.*, at 5. He alleges Sgt. Martin and Counselor Butler "looked into the matter" and told him they believed he was correct. *Id.* Plaintiff further indicates that Counselor Butler informed him that he had spoken to the records supervisor about the issue but that the records supervisor had told Counselor Butler to "get out of his office" and to "mind [his] own business." *Id.*

Plaintiff contends he was released on January 4, 2018. *Id.* He alleges he was held 21 months on a 24 month sentence but that, "on a 24 month sentence inmates only have to complete 16 months, according to Washington States' sentencing scheme according to the RCW and DOC policy, which governs release date calculations." *Id.* Plaintiff further contends that while he was incarcerated beyond his release date he was placed in the segregation unit and on cell confinement for an infraction he received for failing to attend programs. *Id.* Plaintiff also alleges he was denied access to the law library. *Id.* Plaintiff alleges that defendants' actions violated his

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

rights under the Fifth Amendment and the Eighth Amendment. *Id.*, at 4. Plaintiff seeks declaratory relief and damages.

**I.      Screening Requirements**

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

"enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**II.      Plaintiff's Complaint**

The Court declines to order that plaintiff's complaint be served because it is deficient in the following respects:

   *a.  Improper Defendant*

Plaintiff names the DOC as a defendant in this action. However, 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. An agency that is an arm of the state, such as the DOC, is not a "person" for purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Therefore, the DOC cannot be sued under §1983 and should not be named in this lawsuit.

   *b.  Personal Participation*

Plaintiff alleges claims against defendant White, the prison Superintendent, in both his individual and official capacity. Official-capacity suits filed against state officials are merely an

alternative way of pleading an action against the state, and such claims must allege that the state entity's "policy or custom" was the moving force behind the alleged constitutional violation. *Hafer v. Mello*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corrs.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (treating suit against state officials in their official capacities as a suit against the state).

Actions against the state, however, are limited by the Eleventh Amendment. While a plaintiff may seek prospective injunctive relief against a state employee sued in his or her official capacities, the Eleventh Amendment prohibits a plaintiff from seeking monetary damages against employees of the state. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Edelman v. Jordan*, 415 U.S. 651, 677 (1974); *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (Eleventh Amendment bars plaintiff from bringing federal claims against Washington State officials in their official capacities); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997) (defendants acting in their official capacities are not considered "persons" for purposes of § 1983 damages claims); *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (state officials sued in their official capacities for prospective injunctive relief are persons subject to suit under § 1983).

Plaintiff seeks monetary damages against defendant White in his official capacity. He cannot recover such damages from defendant White in his official capacity because he is a state employee. Plaintiff also appears to seek some form of declaratory relief against defendant White. Plaintiff, however, fails to allege that any state "policy or custom" caused the alleged constitutional violation. Accordingly, plaintiff's complaint as stated fails to properly allege any claims against defendant White in his official capacity.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 5

Plaintiff also brings claims against defendant White in his individual capacity. However, plaintiff alleges no facts which would indicate that defendant White personally participated in any way in the alleged constitutional violation. To the extent plaintiff is seeking to hold defendant White liable in this action primarily on the basis of his supervisory responsibilities or position, this is not permissible under § 1983. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act or prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984)). If plaintiff wishes to proceed against defendant White in his individual capacity, he must set forth clear and specific facts demonstrating that this individual directly participated in the alleged violation of his constitutional rights.

    *c. Liberty Interest*

Plaintiff claims he was deprived of a constitutionally protected liberty interest by being held in prison past his early release date. Dkt. 1-1, at 4. Plaintiff specifically alleges his Fifth Amendment rights were violated. *Id.* The Court notes that the Fifth Amendment's Due Process and Equal Protection Clauses apply only to the federal government. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff cannot proceed with claims based on the Fifth Amendment unless he can properly name federal actors as defendants and he has not done so here. The Court notes that the Fourteenth Amendment prohibits any *State* from depriving a person of life, liberty, or property without due process of law or denying any person equal protection of the law. U.S. Const. amend. XIV. However, plaintiff has also not yet named or stated a claim against a proper state defendant. As noted above, the DOC is not a proper defendant and plaintiff has failed to properly state a claim against Superintendent White.

### d. Administrative Segregation and Law Library

Plaintiff's complaint also states that he was placed in administrative segregation and that he was denied access to the law library. These conclusory assertions are insufficient to state a claim for relief under § 1983. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). He has alleged that the Eighth Amendment has been violated but does not tie that allegation to a specific act or omission of a named defendant in their individual capacity, or any policy or custom of any named defendant in their official capacity. To the extent plaintiff intends to raise objections to his administrative segregation and denial of access to the law library, he must identify and name a proper defendant or defendants who personally participated in denying him a constitutional or federal statutory right.

Furthermore, plaintiff must provide more specificity and clarity with respect to his claims, and the facts which he believes support those claims. Plaintiff should be specific about dates, times, locations, and detail exactly what each of the defendant(s) did or failed to do that caused plaintiff injury or violated his rights. Plaintiff should also include any other facts that show why he believes what happened was wrong, or, in other words, how the defendant's actions violated a constitutional or federal statutory right.

Plaintiff should also note that there is no freestanding constitutional right to law library access for prisoners. *See Lewis v. Casey*, 518 U.S. 343, 350–51 (1996). Instead, law library access serves as one means of ensuring the constitutional right of access to the courts. *See id.* at 351. Prison officials may regulate the time, manner, and place in which library facilities are used. *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). A prisoner claiming his or her right of access to the courts has been violated due to inadequate access to the

library or to legal materials must show (1) access was so limited as to be unreasonable, and (2) the inadequate access caused actual injury. *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994). A prisoner cannot make conclusory declarations of injury; that is, it is not enough for an inmate to show a denial of access and nothing more.

**III.        Instructions to Plaintiff and The Clerk of the Court**

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before November 9, 2018**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 15th day of October, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge